**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MANDRELL PANNELL** **PLAINTIFF**
***ADC #188613***

**v.** **NO. 4:26-cv-00680-LPR-PSH**

**ANDREA LITTLE, *et al.*** **DEFENDANTS**

**ORDER**

Mandrell Pannell, an Arkansas Division of Correction inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 7, 2026 (Doc. No. 2). Pannell has been granted leave to proceed *in forma pauperis* (Doc. No. 4).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court will not order service of process at this time because it needs more information to screen Pannell's complaint (Doc. No. 2). Pannell asserts he was denied adequate out-of-cell recreation time while held at the Central Arkansas Community Corrections Center. He does not describe what other opportunities he had for recreation or any injuries he suffered as a result of not receiving out-of-cell

recreation time. To prevail on an Eighth Amendment claim, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). "When applying this two-part test to a prisoner's challenge to physical exercise restrictions, the fact finder may consider: (a) the opportunity to be out of the cell; (b) the availability of recreation within the cell; (c) the size of the cell; (d) the duration of confinement; and (e) the extent of any physical injury." *Ganahl v. Staley*, No. 4:16-cv-00015 BRW/JTR, 2017 WL 5505010, at *4 (E.D. Ark. Nov. 16, 2017), *report and recommendation adopted*, 2017 WL 6045429 (E.D. Ark. Dec. 6, 2017) (citing *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)).

Pannell may amend his complaint to provide more facts to support his claim. The Clerk of Court is directed to send a blank § 1983 complaint form to Pannell. Pannell is cautioned that an amended complaint renders his pending complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may recommend the dismissal of Pannell's claims.

IT IS SO ORDERED this 26th day of August, 2026.

UNITED STATES MAGISTRATE JUDGE